1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DAVID LEON,                                    CASE NO. 1:08-cv-01950-DLB PC

10                        Plaintiff,              ORDER REMANDING ACTION TO
                                                  FRESNO COUNTY SUPERIOR COURT
11        v.
                                                  (Doc. 4)
12  JAMES YATES, et al.,

13                        Defendants.
                                               /
14

15  **Motion to Remand**

16          This is a civil action filed by plaintiff David Leon("plaintiff"), a state prisoner proceeding

17  pro.  The action was removed from the Fresno County Superior Court to this Court by defendant

18  Yates ("defendant") on December 19, 2008.  On January 7, 2009, plaintiff filed a motion to remand.

19  (Doc. 4).  Defendant filed an opposition on January 9, 2009.  (Docs. 4, 5)

20          Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which

21  the district courts of the United States have original jurisdiction."  Federal courts "shall have original

22  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

23  28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal

24  courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas

25  Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480,

26  1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of

27  _____

28          [1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited
    jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1  removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

2  Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made

3  to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems,

4  Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

5          In his notice of removal, defendant contends that plaintiff has alleged a denial of adequate

6  medical care, thereby constituting a violation of Plaintiff's Eighth Amendment and state law rights.

7  (Doc. 1, p.2:3-4.)  "The presence or absence of federal-question jurisdiction is governed by the well-

8  pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question

9  is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams,

10  482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff

11  the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

12  Id.

13          Defendant's contention that this action arises under federal law is not supported by a review

14  of plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)

15  (existence of federal jurisdiction determined by the complaint at the time of removal).   In his

16  amended complaint, plaintiff requests that the Court exercise its pendent or supplemental jurisdiction

17  that arises over the federal jurisdiction or law, statute or constitution. (Doc. 1-3, Exh.A).  However,

18  plaintiff lists negligence and premises liability as the causes of action, and the court does not find

19  any federal claims upon which this court has subject matter jurisdiction.  Although plaintiff could

20  have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that defendant

21  violated his rights under the United States Constitution, he did not do so.  Plaintiff's decision to file

22  suit in state court utilizing a state civil complaint form alleging state law claims demonstrates that

23  plaintiff exercised his right to rely exclusively on state law.  Caterpillar, Inc., 482 U.S. at 392.

24          This Court lacks subject matter jurisdiction over this action and accordingly, this Court

25  hereby recommends that this action be remanded to the Fresno County Superior Court and that the

26  Court's clerk serve a copy of this order on the Fresno County Superior Court and to serve the parties

27  in the customary manner.

28          These Findings and Recommendations will be submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

2  **days** after being served with these Findings and Recommendations, the parties may file written

3  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

4  Findings and Recommendations."  The parties are advised that failure to file objections within the

5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

6  1153 (9th Cir. 1991).

7  **Plaintiff's Request for Sanctions, Costs and Fees**

8       Plaintiff has also requested an investigation to determine whether defense counsel has acted

9  in violation of Rule 11(b)(1) for removing this action.  Plaintiff has also requested costs and attorney

10 fees.

11      The Court does not find that sanctions or costs are warranted against defendant nor his

12 counsel in this case.  The confusion over federal jurisdiction arises from plaintiff's wording in his

13 amended complaint.  Further, plaintiff's request for attorney's fees is without merit.  Plaintiff is

14 representing himself in this action.  Because plaintiff is not represented by an attorney, he is not

15 entitled to recover attorney's fees if he prevails.  <u>Gonzales v. Kangas</u>, 814 F.2d 1411, 1412 (9th Cir.

16 1987).

17      Based on the foregoing, plaintiff's request for sanctions, costs and attorneys fees are

18 HEREBY DENIED.

19

20     IT IS SO ORDERED.

21  **Dated:   February 4, 2009**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28